IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAZEL SUSAN FAJARDO, Individually and as
the Personal Representative to the Wrongful Death
Estate of EUGENIO FAJARDO,

    Plaintiff,

v.                                                                        Civ. No. 22-0189 KG/GBW

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY – SOCORRO; and
RAYNA FAGUS, in her capacity as the
Administrator of GOOD SAMARITAN
SOCIETY-SOCORRO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        Defendant The Evangelical Lutheran Good Samaritan Society (Good Samaritan) removed this case to federal court on March 14, 2022, invoking diversity jurisdiction based on fraudulent joinder. (Doc. 1). Defendant argues that the non-diverse defendant, Rayna Fagus, was not employed at the relevant facility during the decedent's residence. *Id.* at 3. Plaintiff subsequently filed a Motion to Amend Complaint and Remand, in which she confesses the point that Rayna Fagus "was not the Administrator of the Facility during Mr. Fajardo's residency." (Doc. 4) at 2. Plaintiff seeks to amend the complaint and name Misty Rogers as the responsible Nurse Manager and, based on that proposed amendment, asks the Court to remand the case. *Id.* Defendant opposes the proposed amendment and the motion to remand. (Doc. 6). For the reasons explained herein, the Court grants the Motion to Amend, grants the Motion to Remand, and remands this case to the Seventh Judicial District for the State of New Mexico.

Plaintiff Hazel Susan Fajardo, individually and as the personal representative to the wrongful death estate of decedent Eugenio Fajardo, brings wrongful death, negligence, and New Mexico Unfair Practices Act claims against Defendants Good Samaritan and Rayna Fagus for alleged neglect and mistreatment of the Decedent at the Good Samaritan facility in Socorro, New Mexico. *See generally* (Doc. 2-1) (Complaint). Plaintiff originally alleged that Rayna Fagus "was employed as an administrator of Good Samaritan Society – Socorro during the residency of Eugenio Fajardo," *id.* at ¶ 6, and asserted wrongful death, negligence, and Unfair Practices Act claims against her on that basis. *Id.*

Good Samaritan removed the case based on fraudulent joinder. (Doc. 1). Good Samaritan did not subsequently file an answer or other responsive pleading. Plaintiff then moved to amend the complaint and remand to state court. (Doc. 4).

Federal Rule of Civil Procedure 15(a) governs motions to amend before trial. Relevantly, a party:

> may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Though not addressed by either party, it appears Plaintiff's Motion to Amend falls within Rule 15(a)(1), which allows Plaintiff to amend the complaint once as a matter of course because it was filed less than 21 days after Defendant filed a responsive pleading or motion under Rule 12. Thus, the Court could grant the Motions to Amend and to Remand entirely on a technicality.

2

However, the Court infers Plaintiff intends to rely on Rule 15(a)(2) as the authority for her amendment. *See* (Doc. 4) at 2 (citing liberal leave to amend and amendment within court's discretion). Under these circumstances, "the grant of leave to amend ... is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation omitted). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'" *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Leave to amend may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

While Defendant does not squarely address any of the reasons that may warrant denial of a motion to amend, it implicitly invokes undue delay and bad faith. Neither argument persuades this Court that leave should be denied.

Plaintiff did not unduly delay seeking leave to amend. Defendant notes that the would-be defendant, Ms. Rogers, is mentioned in the decedent's medical records nearly one hundred times. (Doc. 6) at 4. Therefore, Defendant contends, Plaintiff must have known about Ms. Rogers at the time of filing the original complaint. *Id.* While this may be true, "delay alone is an insufficient ground to deny leave to amend.'" *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004). While Plaintiff's possible oversight could be characterized as neglectful or lacking in diligence, the Court finds that any neglect was excusable under the circumstances. Plaintiff sought leave to amend less than thirty (30) days after the case was removed to federal court. Discovery has not yet commenced. Any delay that may exist does not qualify as "undue."

Next, Defendant makes the conclusory allegation that "Plaintiff's request to now amend her Complaint to add Ms. Rogers is simply an attempt to have this case remanded back to state court." (Doc. 6) at 4. That may be true, but under the circumstances, the Court cannot conclude this rises to the level of bad faith or a dilatory motive. Plaintiff clearly intended to name the nurse manager in the original complaint, but named the wrong person. The proposed amended complaint simply seeks to correct this error. It may be true that Plaintiff only wants to name Ms. Rogers to keep the case in state court, but Plaintiff is the master of her own complaint and bringing a potentially viable claim in state court cannot be considered bad faith.

Finally, Defendant does not argue that Ms. Rogers' joinder would be fraudulent within the meaning of removal parlance. Put another way, Defendant does not contend that Ms. Rogers was not the nurse administrator at the time, does not assert she was not involved in the decedent's care, and does not argue that Plaintiff could not succeed on a claim against Ms. Rogers. The Court will not raise such an argument on its own. Moreover, the Court must resolve all doubts in favor of remand. *See Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under the circumstances, the Court exercises its discretion to grant the Motion to Amend. The addition of Ms. Rogers as a party-defendant divests the Court of subject-matter jurisdiction. Therefore, the Court also grants the Motion to Remand and hereby remands this case to the Seventh Judicial District Court for the State of New Mexico, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE